**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LLOYD'S SYNDICATE 3624 (HISCOX) | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.: |
| | ) | |
| BETTY J. CLOW, not individually but as | ) | |
| Co-Trustee of the Julianne E. Clow-Baltz | ) | |
| Declaration of Trust; FRANKLIN ANDREW | ) | |
| CLOW, SR., not individually but as Co-Trustee | ) | |
| Of the Julianne E. Clow-Baltz Declaration | ) | |
| Of Trust; NICK STANITZ; and OAK HILL | ) | |
| DEVELOPMENT, LLC | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES the Plaintiff, LLOYD'S SYNDICATE 3624 (HISCOX) ("Hiscox"), by and through its attorneys, Glenn F. Fencl and David J. Rock of Johnson & Bell, Ltd., and for its Complaint for Declaratory Judgment against the Defendants, BETTY J. CLOW, not individually but as Co-Trustee of the Julianne E. Clow-Baltz Declaration of Trust; FRANKLIN ANDREW CLOW, SR., not individually but as Co-Trustee of the Julianne E. Clow-Baltz Declaration of Trust, NICK STANITZ, and OAK HILL DEVELOPMENT, LLC ("Oak Hill"), alleges the following:

**THE PARTIES**

1. At all pertinent times, Hiscox was, and still is, one of several syndicates who severally underwrite insurance in the insurance market commonly known as Lloyd's of London, England ("Lloyd's"). Hiscox is wholly backed by Hiscox Dedicated Corporate Member Ltd.,

which is a corporation registered, domiciled and with a principal place of business in the United Kingdom.

2. At all relevant times hereto, Defendant BETTY J. CLOW was an individual residing and domiciled in the State of Illinois, and a Co-Trustee of the Julianne E. Clow-Baltz Declaration of Trust.

3. At all relevant times hereto, Defendant FRANKLIN ANDREW CLOW, SR. was an individual residing and domiciled in the State of Illinois, and a Co-Trustee of the Julianne E. Clow-Baltz Declaration of Trust.

4. At all relevant times hereto, Defendant NICK STANITZ was an individual residing and domiciled in the State of Illinois.

5. At all relevant times hereto, Defendant OAK HILL DEVELOPMENT, LLC was an Illinois limited liability company, with a single member, the Nicholas C. Stanitz Trust. All trustees of the Nicholas C. Stanitz Trust reside and are domiciled in the State of Illinois.

## JURISDICTION AND VENUE

6. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship among the parties and the amount in controversy, without interest and costs, exceeds $75,000.

7. Pursuant to 735 ILCS 5/2-209, this Court has personal jurisdiction over Betty J. Clow because she is a natural person domiciled in or residing in Illinois.

8. Pursuant to 735 ILCS 5/2-209, this Court has personal jurisdiction over Franklin Andrew Clow, Sr., because he is a natural person domiciled in or residing in Illinois.

9. Pursuant to 735 ILCS 5/2-209, this Court has personal jurisdiction over Nick Stanitz because he is a natural person domiciled in or residing in Illinois.

10. Pursuant to 735 ILCS 5/2-209, this Court has personal jurisdiction over Oak Hill because it owns real estate in Illinois and transacts business within the state of Illinois.

11. Venue is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1391, as Betty J. Clow, Franklin Andrew Clow Sr., Nick Stanitz, and Oak Hill are subject to personal jurisdiction in this district.

## NATURE OF THE ACTION

12. This declaratory action is brought pursuant to 28 U.S.C. § 2201, and involves the respective rights and duties between the parties with regard to a policy of insurance that Hiscox issued to Betty J. Clow and Franklin Andrew Clow, Sr. as Named Insureds.

13. In this action, Hiscox seeks a declaration that it owes no duty to defend or indemnify Betty J. Clow or Franklin Andrew Clow, Sr.in relation to a lawsuit filed against them in the Circuit Court for Will County, Illinois, by Nick Stanitz and Oak Hill.

## CLAIM BY NICK STANITZ AND OAK HILL

14. On or about December 3, 2018, counsel for Nick Stanitz and Oak Hill issued correspondence to counsel for Betty J. Clow and Franklin Andrew Clow as Trustees of Juliane E. Clow-Baltz Declaration of Trust. A copy of the December 3, 2018 letter is attached hereto as **Exhibit A**.

15. The letter states that "after purchasing the Property [at the southwest corner of Book Rd. and 103rd St.], Mr. Stanitz discovered extensive amounts of petroleum product in the soil throughout a significant portion of the Property."

16. The letter advises that Mr. Stanitz and Oak Hill have spent in excess of $800,000 to remediate the soil.

17. The letter states that "the Trust must pay the costs to remediate the contaminated soil at the Property. We respectfully request that the Trust fully indemnify the Buyers [Mr. Stanitz and Oak Hill] for any and all costs for investigation and remediation."

18. The letter requested a response by December 7, 2018 and advised that if the parties were "unable to resolve this issue by that time, we reserve the right to take any and all actions necessary to recover from the Trust, including the filing of legal proceedings."

<u>UNDERLYING LAWSUIT</u>

19. On or about April 25, 2019, Nick Stanitz and Oak Hill filed a Complaint against Betty J. Clow and Franklin Andrew Clow, Sr. in the Circuit Court of Will County, Illinois, captioned *Stanitz et al. v. Betty J. Clow et al.*, Case No. 19 L 361 (the "Underlying Lawsuit"). A true and accurate copy of the Complaint filed in the Underlying Lawsuit is attached hereto as **Exhibit B**.

20. The Complaint in the Underlying Lawsuit sets forth substantially the same claims as the December 3, 2018 letter: that Stanitz and Oak Hill purchased the property at Book Road and 103rd Street in Naperville, Illinois, that after purchase of the property gas was discovered while digging a detention pond, and that Oak Hill was required to expend substantial funds to remediate the soil contaminated by the gas. (See Ex. B.)

21. The Underlying Lawsuit alleges causes of action against Betty J. Clow and Franklin Andrew Clow, Sr. for Breach of Contract, Fraud in the Inducement, and Fraudulent Concealment. Each of these causes of action alleges that Betty J. Clow and Franklin Andrew Clow Sr. were aware that the underground storage tank containing petroleum gasoline had leaked into the soil on the property. (See Ex. B.)

22. The prayer for relief for each cause of action requests "that this Court enter judgment . . . against defendants Betty J. Clow and Franklin Andrew Clow, Sr., as Co-Trustees of the Julianne E. Clow-Baltz Declaration of Trust in an amount exceeding $750,270.73." (See Ex. B.)

### NOTICE OF THE CLAIM TO HISCOX

23. Hiscox first received notice of this matter via the receipt of a "General Liability Notice of Occurrence / Claim" Form on or about July 16, 2019. A copy of the form is attached hereto as **Exhibit C**.

24. The form states that the "Description of Occurrence" is "Claimant alleges the insured did not provide all of the appropriate information during the sale of a property." (Ex. C.)

### THE HISCOX POLICIES

25. Hiscox issued Trustees Professional Liability Certificate No. MPL1863603.17 to Betty J. Clow and Franklin Andrew Clow, Sr. with respect to their administration of the Julianna E. Clow-Baltz Declaration of Trust, effective December 8, 2017 to December 8, 2018 (the "2017-18 Hiscox Policy"). The 2017-18 Hiscox Policy includes limits of $2,000,000 per claim and in the aggregate, subject to a $5,000 per claim retention. A copy of the 2017-18 Hiscox Policy is attached hereto as **Exhibit D**.

26. Hiscox issued Trustees Professional Liability Certificate No. MPL1863603.18 to Betty J. Clow and Franklin Andrew Clow, Sr. with respect to their administration of the Julianna E. Clow-Baltz Declaration of Trust, effective December 8, 2018 to December 8, 2019 (the "2018-19 Hiscox Policy"). The 2018-19 Hiscox Policy includes limits of $1,000,000 per claim and in the aggregate. A copy of the 2018-19 Hiscox Policy is attached hereto as **Exhibit E**.

27. Collectively, the 2017-18 Hiscox Policy and the 2018-19 Hiscox Policy are referred to herein as the "Hiscox Policies".

28. The Hiscox Policies provide identical relevant provisions with respect to the matters at issue in this declaratory judgment action. The insuring agreement for the Hiscox Policies provides:

> We will pay up to the coverage part limit for damages and claim expenses in excess of the retention for covered claims against you alleging a negligent act, error, or omission in your trustee services performed on or after the retroactive date, including but not limited to:
>
> 1. breach of fiduciary duty or duty of loyalty, whether imposed by the trust instrument, statute, or other applicable law;
> 2. breach of any duty related to trust assets, whether imposed by the trust instrument, statute, or other applicable law;
> 3. breach of discretionary investment authority in violation of the trust instrument;
> 4. a petition for removal or suspension of the trustee, whether asserted with or without a demand for an accounting;
> 5. negligent delegation; or
> 6. personal and advertising injury,
>
> provided the claim is first made against you during the policy period and is reported to us in accordance with Section V. Your obligations.
>
> * * *

29. Section V. Your obligations of the Hiscox Policies provides, in relevant part:

> | Notifying us of claims | You must give written notice to us of any claim as soon as possible, but in any event, no later than 60 days after the end of the policy period. |
> |---|---|
> | | All such notifications must be in writing and include a copy of the claim, and must be submitted to us via the designated email address or mailing address identified in Item 6 of the Declarations. |
> | Notifying us of potential claims | You have the option of notifying us of potential claims that may lead to a covered claim against you. . . . |

> The benefit to you of notifying us of a potential claim is that if an actual claim arises from the same circumstances as the properly notified potential claim, then we will treat that claim as if it had first been made against you on the date you properly notified us of it as a potential claim, even if that claim is first made against you after the policy period has expired.

30. The following relevant definitions are also included in the Hiscox Policies:

| | |
|---|---|
| Claim | means any written assertion of liability or any written demand for financial compensation or non-monetary relief. |
| Potential claim | means any acts, errors, or omissions of an insured or other circumstances reasonably likely to lead to a claim covered under this policy. |

### COUNT I – DECLARATORY JUDGMENT
### (No Coverage Is Available Under The 2017-18 Hiscox Policy.)

31. Hiscox adopts and realleges Paragraphs 1-30 as though fully set forth herein.

32. The insuring agreement of the 2017-18 Hiscox Policy requires that claims be reported to Hiscox in accordance with Section V. Your obligations.

33. Section V. Your obligations requires that written notice of a claim be provided as soon as possible, but in any event no later than 60 days after the end of the policy period.

34. The December 3, 2018 letter was a "claim" as defined by the Hiscox Policy.

35. The policy period for the 2017-18 Hiscox Policy began December 8, 2017 and ended December 8, 2018.

36. The December 3, 2018 letter was a "claim" first made in the 2017-18 Hiscox Policy's policy period.

37. The Underlying Lawsuit is based upon the same facts as the December 3, 2018 letter.

38. Written notice of the "claim" was not provided to Hiscox until July 16, 2019.

39. July 16, 2019 is 218 days after December 8, 2018, the expiration of the 2017-18 Hiscox Policy policy period.

40. Therefore, notice of the claim was not provided in accordance with Section V. Your obligations, and no coverage is available to Betty J. Clow and Franklin Andrew Clow Sr. for the Underlying Lawsuit.

41. Hiscox has no duty to defend or indemnify Betty J. Clow or Franklin Andrew Clow Sr. with respect to the Underlying Lawsuit.

42. On information and belief, Betty J. Clow and Franklin Andrew Clow Sr. dispute that Hiscox has no duty to defend or indemnify them in the Underlying Lawsuit.

43. By reason of the foregoing, an actual and justiciable controversy exists between the parties, which may be determined by a judgment or order of this Court, and pursuant to the terms of 28 U.S.C. § 2201, this court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein and to adjudicate the final rights of all parties to give such other and further relief as may be necessary to enforce its judgment.

WHEREFORE, the Plaintiff, LLOYD'S SYNDICATE 3624 (HISCOX), requests that this Honorable Court enter judgment finding and declaring the rights of the parties as follows:

a. No coverage is available under the 2017-18 Hiscox Policy for Betty J. Clow or Franklin Andrew Clow Sr.

b. Hiscox has no duty to defend Betty J. Clow or Franklin Andrew Clow Sr. in the Underlying Lawsuit.

    c. Hiscox has no duty to indemnify Betty J. Clow or Franklin Andrew Clow Sr. in the Underlying Lawsuit.

    d. For any and all other relief this court deems just and proper.

### COUNT II – DECLARATORY JUDGMENT
### (No Coverage Is Available Under The 2018-19 Hiscox Policy.)

44. Hiscox adopts and realleges Paragraphs 1-43 as though fully set forth herein.

45. The insuring agreement of the 2018-19 Hiscox Policy requires that, in order for coverage to apply, claims must be "first made against you during the policy period".

46. The December 3, 2018 letter was a "claim" as defined by the 2018-19 Hiscox Policy.

47. The Underlying Lawsuit is based upon the same facts as the December 3, 2018 letter.

48. The "claim" detailed in the Underlying Lawsuit was first made on December 3, 2018.

49. The policy period for the 2018-19 Hiscox Policy is December 8, 2018 to December 8, 2019.

50. The claim at issue in the Underlying Lawsuit was not first made against Betty J. Clow and Franklin Andrew Clow Sr. during the policy period of the 2018-19 Hiscox Policy, and therefore no coverage is available to Betty J. Clow and Franklin Andrew Clow Sr. for the Underlying Lawsuit.

51. Hiscox has no duty to defend or indemnify Betty J. Clow or Franklin Andrew Clow Sr. with respect to the Underlying Lawsuit.

52. On information and belief, Betty J. Clow and Franklin Andrew Clow Sr. dispute that Hiscox has no duty to defend or indemnify them in the Underlying Lawsuit.

53. By reason of the foregoing, an actual and justiciable controversy exists between the parties, which may be determined by a judgment or order of this Court, and pursuant to the terms of 28 U.S.C. § 2201, this court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein and to adjudicate the final rights of all parties to give such other and further relief as may be necessary to enforce its judgment.

WHEREFORE, the Plaintiff, LLOYD'S SYNDICATE 3624 (HISCOX), requests that this Honorable Court enter judgment finding and declaring the rights of the parties as follows:

a. No coverage is available under the 2017-18 Hiscox Policy for Betty J. Clow or Franklin Andrew Clow Sr.

b. Hiscox has no duty to defend Betty J. Clow or Franklin Andrew Clow Sr. in the Underlying Lawsuit.

c. Hiscox has no duty to indemnify Betty J. Clow or Franklin Andrew Clow Sr. in the Underlying Lawsuit.

d. For any and all other relief this court deems just and proper.

Respectfully submitted,

Dated: September 26, 2019

s/ David J. Rock
Glenn F. Fencl – ARDC No. 3126086
fenclg@jbltd.com
David J. Rock
rockd@jbltd.com – ARDC No. 6306845
Johnson & Bell, Ltd.
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
(312) 984-6688 (Fencl)
(312) 984-0225 (Rock)
Attorneys for Plaintiff HISCOX INC.