**HISCOX PRO**™

**Effective with UNDERWRITERS AT LLOYD'S, LONDON**

Administered by Hiscox Inc.

520 Madison Avenue 32nd Floor, New York, NY 10022

(646) 452-2353

# Insurance for Trustees

# DECLARATIONS

Notice to policy holder: This contract is issued, pursuant to section 445 of the Illinois insurance Code, by a company not authorized and licensed to transact business in Illinois and as such is not covered by the Illinois Insurance Guaranty Fund.

| | | |
|---|---|---|
| **Broker No.:** | US 0000062 | Closed- CRC (Chicago) Use 144 |
| **Certificate No.:** | MPL1863603.17 | 550 W Van Buren St Ste 1500 |
| **Renewal of:** | MPL1863603.16 | Chicago, IL 60607-3861 |

**1. Named Insured:** Betty J. Clow and Franklin Andrew Clow, Sr.
**Address:** 7 Pebble Ct
Bolingbrook, IL 60440-1557

**2. Policy Period:** **Inception Date:** 12/08/2017   **Expiration Date:** 12/08/2018
Inception date shown shall be at 12:01 A.M. (Standard Time) to Expiration date shown above at 12:01 A.M. (Standard Time) at the address of the Named Insured.

**3. General terms and conditions wording:** WCL P0001 CW (09/14)
The General terms and conditions apply to this policy in conjunction with the specific wording detailed in each section below.

**4. Endorsements:** E6020.2 - War and Civil War Exclusion Endorsement, E6015.5 - Lloyd's Syndicate, E6016.1 - Service of Suit, E6017.2 - Nuclear Incident Exclusion Clause-Liability-Direct (Broad) Endorsement, and E6018.2 - Applicable Law Endorsement

**5. Optional Extension Period:** 12/24/36 months at 75/150/225 percent of the annual premium, for eligible coverage parts.

**6. Notification of claims to:** Hiscox Claims
520 Madison Avenue, 32nd floor
New York, NY 10022
Fax: 212-922-9652
Email: HiscoxClaims@Hiscox.com

**Additional Notification requirements:** NONE

**7. Policy Premium:** $10,802     **Administration Fee:** $75     **State Surcharge:** N/A

HPSDECSLREN11

EXHIBIT D



**Effective with UNDERWRITERS AT LLOYD'S, LONDON**
Administered by Hiscox Inc.
520 Madison Avenue 32nd Floor, New York, NY 10022
(646) 452-2353

## Insurance for Trustees

## DECLARATIONS

**Trustees Professional Liability Claims-Made and Reported Coverage Part: WCLMPL P0005 CW (11-14)**

| | |
|---|---|
| Scheduled Trust(s): | Julianna E. Clow-Baltz Declaration of Trust |
| Named Trustee(s): | Betty J. Clow; Herbert B. Rosenberg |
| Professional Liability (PL): | $ 2,000,000 Each Claim / $ 2,000,000 Aggregate |
| Retroactive Date: | 12-08-2016 |
| Retention: | $ 5,000 |
| PL Premium: | $ 10,802 |
| Endorsements: | NONE |

In accordance with the authorization granted to Hiscox Inc. under Contract No. B1234HISINC2017 by certain Underwriters at Lloyd's, London, whose names and the proportions underwritten by them can be ascertained by reference to the said Contract, which bears the Seal of Lloyd's Policy Signing Office and is on file at the office of the said Agency and in consideration of the premium specified herein, the said Underwriters do hereby bind themselves, each for their own part and not one for another, their heirs, executors and administrators, to insure as follows in accordance with the terms and conditions contained or endorsed hereon.

The Certificate terms and conditions contained herein or endorsed hereon and such other provisions, agreements or conditions as may be endorsed hereon or added hereto are hereby incorporated in this Certificate. No representative of the Underwriters shall have the power to waive or be deemed to have waived any provision or condition of this Certificate unless such waiver, if any, shall be written upon or attached hereto; nor shall any privilege or permission affecting the insurance under this Certificate exist or be claimed by the Insured(s) unless so written or attached.

IN WITNESS WHEREOF this Certificate has been signed at New York, New York

*Brett R Sadoff*

Authorized Representative
Brett Sadoff
July 22, 2019
Hiscox Inc.

HPSDECSLREN11

EXHIBIT D



# General Terms and Conditions

---

**I. Our promise to you**

In consideration of the premium charged, and in reliance on the statements made and information provided to **us**, **we** will pay **covered amounts** as defined in this policy, provided **you** properly notify **us** of **claims**, **breaches**, **events**, or **occurrences**, and meet **your** obligations to **us** in accordance with the terms of this policy.

---

**II. Limits of liability**

Regardless of the number of Coverage Parts **you** have purchased, the maximum **we** will pay for all **covered amounts** will be as follows:

**A. Coverage part limit**

Each Coverage Part purchased will be subject to a **coverage part limit** (if one is stated in the Declarations), which is the maximum amount **we** will pay for all **covered amounts** under that Coverage Part, other than coverage enhancements or other items **we** have expressly agreed to pay in addition to the limit. The **coverage part limit** will be in excess of any applicable **retention**.

**B. Each claim limit**

The Each Claim Limit identified in the Declarations is the maximum amount **we** will pay for all **covered amounts** for each covered **claim**, unless a lower sublimit is specified, in which case the sublimit is the maximum amount **we** will pay for the type of covered **claim** to which the sublimit applies. The Each Claim Limit, or any sublimit, will be in excess of any applicable **retention** and will be a part of, and not in addition to, any applicable **coverage part limit**.

**C. Each breach limit**

The Each Breach Limit identified in the Declarations (if **you** have purchased a relevant Coverage Part) is the maximum amount **we** will pay for all **covered amounts** for each covered **breach**, unless a lower sublimit is specified, in which case the sublimit is the maximum amount **we** will pay for the type of covered **breach** or costs to which the sublimit applies. The Each Breach Limit, or any sublimit, will be in excess of any applicable **retention** and will be a part of, and not in addition to, any applicable **coverage part limit**.

**D. Each occurrence limit**

The Each Occurrence Limit identified in the Declarations (if **you** have purchased a relevant Coverage Part) is the maximum amount **we** will pay for all **covered amounts** for each covered **occurrence**, unless a lower sublimit is specified, in which case the sublimit is the maximum amount **we** will pay for the type of covered **occurrence** to which the sublimit applies. The Each Occurrence Limit, or any sublimit, will be in excess of any applicable **retention** and will be a part of, and not in addition to, any applicable **coverage part limit**.

**E. General liability coverage part limits**

If **you** have purchased a General Liability Coverage Part, additional rules for applying limits are contained in Section IV. Limits of liability, of that Coverage Part.

**F. Related claims**

All **related claims**, regardless of when made, will be treated as one **claim**, and all subsequent **related claims** will be deemed to have been made against **you** on the date the first such **claim** was made. If, by operation of this provision, the **claim** is deemed to have been made during any period when **we** insured **you**, it will be subject to only one **retention** and one Each Claim Limit regardless of the number of claimants, **insureds**, or **claims** involved.

---

**III. Your obligations to us**

**A. Named insured responsibilities**

It will be the responsibility of the **named insured** (or, if there is more than one **named insured**, the first one listed on the Declarations) to act on behalf of all **insureds** with respect to the following:

1. timely giving and receiving notice of cancellation or non-renewal;
2. timely payment of premium;
3. receipt of return premiums;
4. timely acceptance of changes to this policy; and
5. timely payment of **retentions**.

---

EXHIBIT D



# General Terms and Conditions

B. Your duty to cooperate

**You** must cooperate with **us** in the defense, investigation, and settlement of any **claim**, **potential claim**, **breach**, **event**, **occurrence**, or other matter notified to **us**, including but not limited to:

1. notifying **us** immediately if **you** receive any settlement demands or offers, and sending **us** copies of any demands, notices, summonses, or legal papers;

2. submitting to examination and interrogation under oath by **our** representative and giving **us** a signed statement of **your** answers;

3. attending hearings, depositions, and trials as **we** request;

4. assisting in securing and giving evidence and obtaining the attendance of witnesses;

5. providing written statements to **our** representative and meeting with such representative for the purpose of investigation and/or defense;

6. providing all documents and information **we** may reasonably request, including authorizing **us** to obtain records; and

7. pursuing **your** right of recovery from others.

C. Your obligation not to incur any expense or admit liability

**You** must not make any payment, incur any expense, admit any liability, or assume any obligation without **our** prior consent. If **you** do so, it will be at **your** own cost and expense.

D. Your representations

**You** warrant that all representations made and all materials submitted by **you** or on **your** behalf in connection with the **application** for this policy are true, accurate, and not misleading, and agree they were relied on by **us** and were material to **our** decision to issue this policy to **you**. If **we** learn any of the representations or materials were untrue, inaccurate, or misleading in any material respect, **we** are entitled to treat this policy as if it had never existed.

---

## IV. Optional extension period

1. If **we** or the **named insured** cancel or non-renew this policy, then the **named insured** will have the right to purchase an optional extension period for the duration and at the percentage of the expiring premium stated in Item 5 of the Declarations. The optional extension period, if purchased, will start on the effective date of cancellation or non-renewal. However, the right to purchase an optional extension period will not apply if:

   a. this policy is canceled by **us** for nonpayment of premium; or

   b. the total premium for this policy has not been fully paid.

2. The optional extension period will apply only to **claims** that:

   a. are first made against **you** and reported to **us** during the optional extension period; and

   b. arise from **your professional services** performed, or a **breach**, offense, or **occurrence** that takes place, on or after the **retroactive date** but prior to the effective date of cancellation or non-renewal of this policy.

3. The additional premium will be fully earned at the inception of the optional extension period.

4. Notice of election and full payment of the additional premium for the optional extension period must be received by **us** within 30 days after the effective date of cancellation or non-renewal, otherwise any right to purchase the optional extension period will lapse.

The limits of liability applicable during any purchased optional extension period will be the remaining available **coverage part limit**. There will be no separate or additional limit of liability available for any purchased optional extension period.

The right to purchase an optional extension period will apply only to Coverage Parts **you** have purchased that include coverage written on a claims-made or loss occurring and discovered basis, and not to any Coverage Parts written on an occurrence basis.

EXHIBIT D

 **General Terms and Conditions**

## V. Other provisions affecting coverage

| | | |
|---|---|---|
| A. | Alteration and assignment | No change in, modification of, or assignment of interest under this policy will be effective unless made by written endorsement to this policy signed by **our** authorized representative. |
| B. | Bankruptcy or insolvency | **Your** bankruptcy or insolvency will not relieve **us** of any of **our** obligations under this policy. |

C. Cancellation

1. This policy may be canceled by the **named insured** by giving written notice, which must include the date the cancellation will be effective, to **us** at the address stated in the Declarations.

2. This policy may be canceled by **us** by mailing to the **named insured** by registered, certified, or other first class-mail, at the **named insured's** address stated in Item 1 of the Declarations, written notice which must include the date the cancellation will be effective. The effective date of the cancellation will be no less than 60 days after the date of the notice of cancellation, or ten days if the cancellation is due to nonpayment of premium.

3. The mailing of the notice will be sufficient proof of notice, and this policy will terminate at the date and hour specified in the notice.

4. If this policy is canceled by the **named insured**, **we** will retain the customary short rate proportion of the premium.

5. If this policy is canceled by **us**, **we** will return a pro rata proportion of the premium.

6. Payment or tender of any unearned premium by **us** will not be a condition precedent to the cancellation, but such payment will be made as soon as possible.

D. Change in control

If, during the **policy period**, the **named insured** consolidates with, merges into, or sells all or substantially all of its assets to any other person or entity, or any other person or entity acquires ownership or control of the **named insured**, then the **named insured** will provide **us** written notice no later than 30 days after the effective date of such change in control, together with any other information **we** may require.

**We** will not cancel this policy solely because of a change in control, but unless **you** and **we** agree in writing otherwise, after the effective date of any change in control, this policy will cover only **claims** arising from **professional services** performed, or **breaches**, offenses, or **occurrences** that took place, prior to the change in control.

E. Coverage territory

This policy will apply to **your professional services** performed, and **breaches**, offenses, **events**, or **occurrences** that take place, anywhere in the world, provided that any action, arbitration, or other proceeding (if **you** have purchased a relevant Coverage Part) is brought within the United States, its territories or possessions, or Canada.

F. Estates, heirs, legal representatives, spouses, and domestic partners

In the event of an **employee's** death or disability, this policy will also apply to **claims** brought against the **employee's**:

1. heirs, executors, administrators, trustees in bankruptcy, assignees, and legal representatives; or

2. lawful spouse or lawful domestic partner;

but only:

1. for a covered **claim** arising from the scope of the **employee's** work for **you**; or

2. in connection with their ownership interest in property which the claimant seeks as recovery in a covered **claim** arising from the scope of the **employee's** work for **you**.

G. False or fraudulent claims

If any **insured** commits fraud in connection with any **claim**, **potential claim**, **breach**, offense, **event**, or **occurrence**, whether regarding the amount or otherwise, this insurance will become void as to that **insured** from the date the fraud is committed.

EXHIBIT D



# General Terms and Conditions

| H. | Other insurance | Any payment due under this policy is specifically excess of and will not contribute with any other valid and collectible insurance, unless such other insurance is written specifically as excess insurance over this policy. However, if **you** have purchased a General Liability Coverage Part, rules for how that Coverage Part will be treated when there is other valid and collectible insurance are contained in Section V. Other provisions affecting coverage, D. Other insurance, of that Coverage Part. |

If the same **claim** or **related claims**, **breach**, **event**, or **occurrence** is covered under more than one Coverage Part, **we** will pay only under one Coverage Part, which will be the Coverage Part that provides the most favorable coverage.

| I. | Subrogation | In the event of any payment by **us** under this policy, **we** will be subrogated to all of **your** rights of recovery to that payment. |

**You** will do everything necessary to secure and preserve **our** subrogation rights, including but not limited to the execution of any documents necessary to allow **us** to bring suit in **your** name.

**You** will do nothing to prejudice **our** subrogation rights without **our** prior written consent.

Any recovery first will be paid to **you** up to the amount of any **retention you** have paid, and then to **us** up to the amount of any **covered amounts we** have paid.

| J. | Titles | Titles of sections of and endorsements to this policy are inserted solely for convenience of reference and will not be deemed to limit, expand, or otherwise affect the provisions to which they relate. |

## VI. Definitions applicable to all Coverage Parts

The following definitions apply to all Coverage Parts **you** have purchased. If the same term is defined here and in a Coverage Part, then the definition in the Coverage Part will govern the coverage provided under that Coverage Part.

**Application**
means the signed application for the policy and any attachments and materials submitted with that application. If this policy is a renewal or replacement of a previous policy issued by **us**, **application** also includes all previous signed applications, attachments, and materials.

**Coverage part limit**
means the amount stated in the Declarations as the aggregate limit applicable to each Coverage Part **you** have purchased which is subject to an aggregate limit.

**Covered amounts**
means any amounts **we** have expressly agreed to pay under any Coverage Part **you** have purchased.

**Employee**
means any past, present, or future:

1. employee (including any part-time, seasonal, leased, or temporary employee or any volunteer);

2. partner, director, officer, or board member (or equivalent position); or

3. independent contractor;

of a **named insured**, but only while in the course of their performance of work or services on behalf of or at the direction of the **named insured**.

**Named insured**
means the individual, corporation, partnership, limited liability company, limited partnership, or other entity identified in Item 1 of the Declarations.

**Policy period**
means the period of time identified in Item 2 of the Declarations, and any optional extension period, if purchased.

**Professional services**
means those services identified as Covered Professional Services under any Coverage Part on the Declarations containing such a description.

EXHIBIT D

 **General Terms and Conditions**

| | |
|---|---|
| **Related claims** | means all **claims** that are based upon, arise out of, or allege: |

1. a common fact, circumstance, situation, event, service, transaction, cause, or origin;

2. a series of related facts, circumstances, situations, events, services, transactions, sources, causes, or origins;

3. a continuous or repeated act, error, or omission in the performance of **your professional services**; or

4. the same **breach**, **occurrence**, or offense.

The determination of whether a **claim** is related to another **claim** or **claims** will not be affected by the number of claimants or **insureds** involved, causes of action asserted, or duties involved.

| | |
|---|---|
| **Retention** | means the amount or time identified as such in the Declarations. |
| **Retroactive date** | means the date identified as such in the Declarations. |
| **We**, **us**, or **our** | means the Underwriters identified on the Declarations as issuing this policy. |
| **You**, **your**, or **insured** | means any individual or entity expressly described as an **insured** in any Coverage Part **you** have purchased. |

EXHIBIT D



# Trustees Professional Liability Coverage Part

---

## I. What is covered

**We** will pay up to the **coverage part limit** for **damages** and **claim expenses** in excess of the **retention** for covered **claims** against **you** alleging a negligent act, error, or omission in **your trustee services** performed on or after the **retroactive date**, including but not limited to:

1.  breach of fiduciary duty or duty of loyalty, whether imposed by the trust instrument, statute, or other applicable law;

2.  breach of any duty related to trust assets, whether imposed by the trust instrument, statute, or other applicable law;

3.  breach of discretionary investment authority in violation of the trust instrument;

4.  a petition for removal or suspension of the trustee, whether asserted with or without a demand for an accounting;

5.  negligent delegation; or

6.  **personal and advertising injury**,

provided the **claim** is first made against **you** during the **policy period** and is reported to **us** in accordance with Section V. Your obligations.

---

## II. Coverage enhancements

**We** will also make the following payments:

### Supplemental payments

**We** will pay reasonable expenses, including loss of wages and a $250 travel per diem, incurred by **you** if **we** require **you** to attend depositions, arbitration proceedings, or trials in connection with the defense of a covered **claim**, but **we** will not pay more than an aggregate of $10,000 per **claim** for such expenses, regardless of the number of **insureds**.

No **retention** will apply to amounts **we** pay as supplemental payments, and such amounts will be in addition to, and not part of, the **coverage part limit**.

---

## III. Who is an insured

For purposes of this Coverage Part, **you**, **your**, or **insured** means a **named insured**, **additional named trustee**, or **employee**, as defined below:

### Named insured

means the individual, corporation, partnership, limited liability company, limited partnership, or other entity identified in Item 1 of the Declarations.

### Additional named trustee

means:

1.  the individual or individuals identified as Named Trustee(s) in the Declarations; or

2.  any individual who becomes a trustee of the **scheduled trust** during the **policy period**, but only if, within 30 days of the individual becoming a trustee:

    a.  the **named insured** provides **us** with written notice that such individual has become a trustee;

    b.  the **named insured** provides **us** with additional information related to the new trustee as we may reasonably require;

    c.  the **named insured** accepts any special terms, conditions, exclusions, or additional premium charge as **we** may reasonably require; and

    d.  **we** agree by written endorsement to provide such coverage.

This policy will apply to an **additional named trustee** only with respect to **your trustee services** performed after such individual becomes an **additional named trustee**.

### Employee

means any past, present, or future person employed by the **named insured** or **additional named trustee** as a permanent, part-time, seasonal, leased, or temporary employee, but only while in the course of their performance of **trustee services** on behalf of or at the direction of such **named insured** or **additional named trustee**.

**EXHIBIT D**



## Trustees Professional Liability Coverage Part

---

### IV. Defense and settlement of claims

**Defense**

**We** have the right and duty to defend any covered **claim**, even if such **claim** is groundless, false, or fraudulent.

**We** have the right to select and appoint counsel to defend **you** against a covered **claim**. **You** may request in writing that **we** appoint defense counsel of **your** own choice, but whether to grant or deny such a request will be at **our** sole discretion.

**Settlement**

**We** have the right to solicit and negotiate settlement of any **claim** but will not enter into a settlement without **your** consent, which **you** agree not to withhold unreasonably. If **you** withhold consent to a settlement recommended by **us** and acceptable to the party who made the **claim**, the most **we** will pay for that **claim** is the sum of:

1. the amount of **our** recommended settlement;

2. **claim expenses** incurred up to the date of **our** recommendation;

3. 50% of all **claim expenses** incurred after **our** recommendation; and

4. 50% of all **damages** in excess of the settlement amount recommended by **us**.

---

### V. Your obligations

**Notifying us of claims**

**You** must give written notice to **us** of any **claim** as soon as possible, but in any event, no later than 60 days after the end of the **policy period**.

All such notifications must be in writing and include a copy of the **claim**, and must be submitted to **us** via the designated email address or mailing address identified in Item 6 of the Declarations.

**Notifying us of potential claims**

**You** have the option of notifying **us** of **potential claims** that may lead to a covered **claim** against **you**.

In order to do so, **you** must give written notice to **us** as soon as possible and within the **policy period**, and the notice must, to the greatest extent possible, identify the details of the **potential claim**, including identifying the potential claimant(s), the likely basis for liability, the likely demand for relief, and any additional information about the **potential claim** **we** may reasonably request.

The benefit to **you** of notifying **us** of a **potential claim** is that if an actual **claim** arises from the same circumstances as the properly notified **potential claim**, then **we** will treat that **claim** as if it had first been made against **you** on the date **you** properly notified **us** of it as a **potential claim**, even if that **claim** is first made against **you** after the **policy period** has expired.

All **potential claim** notifications must be in writing and submitted to **us** via the designated email address or mailing address identified in Item 6 of the Declarations.

**Retention**

**Our** obligation to pay **damages** and **claim expenses** under this Coverage Part is in excess of the **retention**, which **you** must pay in connection with each covered **claim**.

If a formal mediation of any **claim** results in **your** acceptance of a settlement recommended by **us**, **you** will receive a credit of 50% of the **retention**, and **we** will pay **damages** and **claim expenses** in excess of this reduced amount.

---

### VI. Exclusions – What is not covered

**We** will have no obligation to pay any sums under this Coverage Part, including any **damages** or **claim expenses**, for any **claim**:

---

EXHIBIT D



# Trustees Professional Liability Coverage Part

| | | |
|---|---|---|
| Antitrust/deceptive trade practices | 1. | based upon or arising out of any actual or alleged: |

    a.    false, deceptive, or unfair trade practices;

    b.    unfair competition, impairment of competition, restraint of trade, or antitrust violations;

    c.    violation of the Sherman Anti-Trust Act, the Clayton Act, the Robinson-Patman Act, all including as may be amended, or any similar federal, state, or local statutes, rules, or regulations in or outside the U.S.; or

    d.    deceptive or misleading advertising.

**Bodily injury/property damage** 2. based upon or arising out of any actual or alleged **bodily injury** or **property damage**.

**Breach of contract** 3. based upon or arising out of any actual or alleged breach of any contract or agreement, or any liability of others that **you** assume under any contract or agreement; however, this exclusion will not apply to any liability **you** would have in the absence of the contract or agreement.

**Breach of warranty/guarantee** 4. based upon or arising out of any actual or alleged breach of express warranties or guarantees, except any warranty or guarantee to perform **your trustee services** consistent with applicable industry standards or with reasonable skill or care. This exclusion will not apply to any liability **you** would have in the absence of the warranties or guarantees.

**Criminal proceedings** 5. brought in the form of a criminal proceeding, including but not limited to a criminal investigation, grand jury proceeding, or criminal action.

**Employment related liability** 6. based upon or arising out of any actual or alleged:

    a.    obligation under any workers' compensation, unemployment compensation, employers' liability, fair labor standards, labor relations, wage and hour, or disability benefit law, including any similar provisions of any federal, state, or local statutory or common law;

    b.    liability or breach of any duty or obligation owed by **you** as an employer or prospective employer; or

    c.    harassment, wrongful termination, retaliation, or discrimination, including but not limited to adverse or disparate impact, committed by **you** as an employer or prospective employer.

**Excluded costs and damages** 7. to the extent it seeks or includes:

    a.    fines, penalties, taxes, or sanctions against **you**;

    b.    overhead costs, general business expenses, salaries, or wages incurred by **you**;

    c.    the return, reduction, or restitution of fees, commissions, profits, or charges for goods provided or services rendered;

    d.    liquidated or multiple damages;

    e.    restitution, disgorgement of profits, any advantage to which **you** were not legally entitled, or unjust enrichment; or

    f.    the cost of complying with injunctive relief.

**Excluded professional services** 8. based upon or arising out of any actual or alleged performance of or failure to perform services as an architect, engineer, accountant, lawyer, insurance agent/broker, registered investment advisor, and/or security broker/dealer; however, this exclusion will not apply to **claims** brought against an **insured** who is an architect, engineer, accountant, lawyer, insurance agent/broker, registered investment advisor, and/or security broker/dealer if the **claim** arises out of the performance of **your trustee services**.

**Excluded statutory violations** 9. based upon or arising out of any actual or alleged violation of the following laws:

    a.    the Securities Act of 1933;

    b.    the Securities Exchange Act of 1934;

EXHIBIT D



# Trustees Professional Liability Coverage Part

c.  any state blue sky or securities laws;

d.  the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*; or

e.  the Employee Retirement Income Security Act of 1974,

all including as may be amended, or any similar provisions of any foreign, federal, state, or local statutory or common law and any rules or regulations promulgated under such laws.

| | | |
|---|---|---|
| Financial statements | 10. | based upon or arising out of the attesting to or audit, review, or compilation of financial statements. |
| Failure to maintain insurance or bonds | 11. | based upon or arising out of any actual or alleged failure to procure or maintain adequate insurance or bonds. |
| Improper billing | 12. | based upon or arising out of any actual or alleged inaccurate, improper, or fraudulent billings or invoices, including but not limited to a qui tam action or any action under the False Claims Act, as may be amended, or any similar provisions of any foreign, federal, state, or local statutory or common law; however, this exclusion will not apply to a **claim** resulting from **your** performance of billing services for others if such services are a part of **your trustee services**. |
| Insured vs. insured | 13. | brought by or on behalf of one **insured** or **affiliate** against another **insured** or **affiliate**; however, this exclusion will not apply to a **claim** made by an **insured** trustee who is also a **beneficiary** of a **scheduled trust**, provided the **claim** does not arise from the acts, errors, or omissions of that **insured** trustee. |
| Intellectual property | 14. | based upon or arising out of any actual or alleged infringement, use, or disclosure of any intellectual property, including but not limited to copyright, trademark, trade dress, patent, service mark, service name, title, or slogan, or any publicity rights violations, cyber squatting violations, moral rights violations, any act of passing-off, or any misappropriation of trade secret. |
| Intentional acts | 15. | based upon or arising out of any actual or alleged fraud, dishonesty, criminal conduct, or any knowingly wrongful, malicious, or intentional acts or omissions, except that: |

a.  **we** will pay **claim expenses** until there is a final adjudication establishing such conduct; and

b.  this **exclusion** will not apply to otherwise covered intentional acts or omissions resulting in **personal and advertising injury**.

This exclusion will apply separately to each **insured** and will not apply to any **insured** who did not commit, participate in, acquiesce to, or ratify such conduct committed by another **insured**.

| | | |
|---|---|---|
| Medical malpractice | 16. | based upon or arising out of any actual or alleged medical malpractice or breach of any duties owed as a healthcare provider, including but not limited to the rendering of or failure to render medical services, treatment, diagnosis, or advice. |
| Misappropriation/mishandling of funds | 17. | based upon or arising out of the actual or alleged theft, misappropriation, commingling, or conversion of any funds, monies, assets, or property, including any client's funds, monies, assets, or property, or the inability or failure to pay, collect, or safeguard funds. |
| Mold | 18. | based upon or arising out of any actual, alleged, or threatened existence, growth, release, escape of, exposure to, inhalation of, or contact with mold, spores, or fungi. |
| Performance of investments | 19. | based upon or arising out of: |

a.  **your** advice, promise, or guarantee about the future performance or value of investments, rates of return, or interest;

b.  the fluctuation in value of any security; or

c.  the failure of investments to perform as expected or desired.

EXHIBIT D



## Trustees Professional Liability Coverage Part

| | | |
|---|---|---|
| Pollution/environmental | 20. | based upon or arising out of any actual, alleged, or threatened discharge, dispersal, release, or escape of **pollutants**, including any direction or request to test for, monitor, clean up, remove, contain, treat, detoxify, or neutralize **pollutants**. |
| Prior acts/notice/knowledge | 21. | based upon or arising out of any actual or alleged breach of duty or negligent act, error, or omission that: |

    a. was committed prior to the **retroactive date**;

    b. was the subject of any notice given under any other policy of which this policy is a renewal or replacement;

    c. was the subject of, or is related to, any prior or pending litigation, **claim**, written demand, arbitration, administrative or regulatory proceeding or investigation, or licensing proceeding that was filed or commenced against **you** and of which **you** had notice prior to the **policy period**; or

    d. **you** had knowledge of prior to the **policy period**, and there was a reasonable basis to believe that the act, error, or omission could result in a **claim**.

However, if this policy is a renewal or replacement of a previous policy **we** issued that provided materially identical coverage, and is part of an unbroken chain of successive policies issued by **us**, the **policy period** referred to in paragraphs c and d, above, will be the policy period of the first such policy **we** issued.

| | | |
|---|---|---|
| Privacy | 22. | based upon or arising out of any actual or alleged: |

    a. unauthorized acquisition, access, use, or disclosure of, improper collection or retention of, or failure to protect any non-public personally identifiable information or confidential corporate information that is in **your** care, custody, or control; or

    b. violation of any privacy law or consumer data protection law protecting against the use, collection, or disclosure of any information about a person or any confidential corporate information.

| | | |
|---|---|---|
| Sexual misconduct | 23. | based upon or arising out of any actual, alleged, or threatened abuse, molestation, harassment, mistreatment, or maltreatment of a sexual nature, including the negligent employment, investigation, supervision, training, or retention of a person who commits such conduct, or the failure to report such conduct to the proper authorities. |
| Third party discrimination | 24. | based upon or arising out of any actual or alleged harassment of or unlawful discrimination against, including but not limited to adverse or disparate impact, a person or entity other than an **insured** or an employee of an **insured**. |
| Unsolicited telemarketing | 25. | based upon or arising out of any actual or alleged violation of any federal, state, local, or foreign statutes, ordinances, or regulations relating to unsolicited telemarketing, solicitations, emails, faxes, text messages, or any other communications of any type or nature, including but not limited to the Telephone Consumer Protection Act, CAN-SPAM Act, or any "anti-spam" or "do-not-call" statutes, ordinances, or regulations. |
| Usury | 26. | based upon or arising out of any actual or alleged violation of usury laws. |

---

## VII. Definitions

The following definitions apply to this Coverage Part. Additional definitions are contained in Section III. Who is an insured, and in the General Terms and Conditions, Section VI. Definitions applicable to all Coverage Parts.

| | |
|---|---|
| **Affiliate** | means any person or entity related to any **insured** through common ownership, control, or management. |
| **Beneficiary** | means any person or entity having the right to receive benefits from the **scheduled trust**. |
| **Bodily injury** | means physical injury, sickness, disease, or death sustained by a person, and any resulting humiliation, mental injury, mental anguish, emotional distress, suffering, or shock. |

EXHIBIT D



## Trustees Professional Liability Coverage Part

| **Claim** | means any written assertion of liability or any written demand for financial compensation or non-monetary relief. |
|---|---|

**Claim expenses**  means the following sums incurred in excess of the **retention** and with **our** prior written consent:

1.   all reasonable and necessary fees, costs, and expenses (including the fees of attorneys and experts) incurred in the investigation, defense, or appeal of a **claim**; and

2.   premiums on appeal bonds, attachment bonds, or similar bond, but **we** will have no obligation to apply for or furnish any such bonds.

**Damages**  means the following amounts incurred in excess of the **retention**:

1.   a monetary judgment or monetary award that **you** are legally obligated to pay (including pre- or post-judgment interest and awards of claimant's attorney fees); or

2.   a monetary settlement negotiated by **us** with **your** consent.

**Damages** includes punitive damages to the full extent they are insurable under the law of any applicable jurisdiction that most favors coverage.

**Personal and advertising injury**  means injury, other than **bodily injury** or **property damage**, arising out of one or more of the following offenses:

1.   false arrest, detention, or imprisonment;

2.   malicious prosecution;

3.   wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of premises;

4.   slander, libel, or defamation, or disparagement of goods, products, or services, whether in connection with **your trustee services** or **your** advertising of it; or

5.   oral or written publication of material, whether in connection with **your trustee services** or **your** advertising of it, that violates a person's right of privacy.

**Pollutants**  means any solid, liquid, gaseous, biological, radiological, or thermal irritant or contaminant, including smoke, vapor, asbestos, silica, dust, nanoparticles, fibers, soot, fumes, acids, alkalis, chemicals, nuclear materials, germs, and waste. Waste includes, but is not limited to, materials to be recycled, reconditioned, or reclaimed.

**Potential claim**  means any acts, errors, or omissions of an **insured** or other circumstances reasonably likely to lead to a **claim** covered under this policy.

**Property damage**  means physical loss of or physical damage to or destruction of any tangible property, including the resulting loss of use of that property.

**Retention**  means the amount stated as such under the Trustees Professional Liability Coverage Part section of the Declarations.

**Scheduled trust**  means the trust or trusts identified as such in the Declarations.

**Trustee services**  means the holding, management, or distribution of assets as set out in the trust instrument of the **scheduled trust**, but does not include the management or operation of any business, whether or not such duties are set out in the trust instrument of any **scheduled trust**.

**You**, **your**, or **insured**  means a **named insured**, **additional named trustee**, or **employee**, as defined in Section III. Who is an insured.

EXHIBIT D



Administered by Hiscox Inc.
520 Madison Avenue 32nd Floor, New York, NY 10022
(646) 452-2353

---

**Endorsement 1**

NAMED INSURED: Betty J. Clow and Franklin Andrew Clow, Sr.

**E6020.2 War and Civil War Exclusion Endorsement**

In consideration of the premium charged, and on the understanding this endorsement leaves all other terms, conditions, and exclusions unchanged, it is agreed the General Terms and Conditions are amended as follows:

This policy does not apply to and **we** will have no obligation pay any sums under this policy, including any **damages**, **claim expenses**, or other **covered amounts**, for any **claim**, **breach**, **event**, or **occurrence** directly or indirectly occasioned by, happening through, or in consequence of:

1.  war, invasion, acts of foreign enemies, hostilities (whether war is declared or not), civil war, rebellion, revolution, insurrection, military, or usurped power; or

2.  confiscation, nationalization, requisition, destruction of, or damage to property by or under the order of any government, public, or local authority.

However, this exclusion will not apply to coverage under the General Liability Coverage Part (if purchased) for damage by fire to premises while rented to **you** or temporarily occupied by **you** with the owner's permission. Any payments **we** make for **property damage** to such premises will be subject to the Damage to Premises Limit.

| | | | |
|---|---|---|---|
| Endorsement effective: | 12/08/2017 | Certificate No.: | MPL1863603.17 |
| Endorsement No: | 1 | Processed Date: | 11/06/2017 |

Hiscox Inc.

*Brett R. Sadoff*

Authorized Representative
Brett Sadoff

EXHIBIT D



Administered by Hiscox Inc.
520 Madison Avenue 32nd Floor, New York, NY 10022
(646) 452-2353

---

**Endorsement 2**

NAMED INSURED: Betty J. Clow and Franklin Andrew Clow, Sr.

**E6015.5 Lloyd's Syndicate Endorsement**

In consideration of the premium charged, and on the understanding this endorsement leaves all other terms, conditions, and exclusions unchanged, it is agreed:

The Underwriters referred to in the Declarations are identified as follows:

Proportion Percent: 100%
Syndicate: 3624
Contract #: B1234HisInc2017
Registration Date: December 22, 2005

| | | | |
|---|---|---|---|
| Endorsement effective: | 12/08/2017 | Certificate No.: | MPL1863603.17 |
| Endorsement No: | 2 | Processed Date: | 11/06/2017 |
| Hiscox Inc. | | | |

Authorized Representative
Brett Sadoff

EXHIBIT D



Administered by Hiscox Inc.
520 Madison Avenue 32nd Floor, New York, NY 10022
(646) 452-2353

---

### Endorsement 3

NAMED INSURED: Betty J. Clow and Franklin Andrew Clow, Sr.

**E6016.1 Service of Suit Endorsement**

In consideration of the premium charged, and on the understanding this endorsement leaves all other terms, conditions, and exclusions unchanged, it is agreed:

In the event **we** fail to pay any amount claimed to be due under this policy, **we** agree to submit to the jurisdiction of a Court of competent jurisdiction within the United States at **your** request. Nothing in this clause is intended to constitute a waiver of **our** right to commence an action in any Court of competent jurisdiction in the United States, to remove an action to a United States District Court, or to seek a transfer of a case to another Court as permitted by the laws of the United States or of any state in the United States.

Service of process in any suit against **us** may be made on:

Hiscox Inc.
520 Madison Ave. - 32nd Floor
New York, NY 10022
Attn: Head of Claims

In any suit instituted against **us**, **we** agree to abide by the final decision of such Court, or in the event of an appeal, of any Appellate Court.

The above named are authorized to accept service of process on **our** behalf in any such suit and will enter a general appearance on **our** behalf in the event such suit is instituted.

Further, pursuant to any statute of any state, territory, or district of the United States which makes provision therefore, **we** designate the Superintendent, Commissioner, or Director of Insurance, or other officer specified for that purpose in the statute, as **our** agent for service of process in any action, suit, or proceeding instituted by **you** or on **your** behalf, or any other beneficiary under this policy, and designate the above named as the person to whom such agent is authorized to mail process.

| | | | |
|---|---|---|---|
| Endorsement effective: | 12/08/2017 | Certificate No.: | MPL1863603.17 |
| Endorsement No: | 3 | Processed Date: | 11/06/2017 |

Hiscox Inc.

*Brett R. Sadoff*

Authorized Representative
Brett Sadoff

EXHIBIT D



Administered by Hiscox Inc.
520 Madison Avenue 32nd Floor, New York, NY 10022
(646) 452-2353

---

**Endorsement 4**

NAMED INSURED: Betty J. Clow and Franklin Andrew Clow, Sr.

**E6017.2 Nuclear Incident Exclusion Clause-Liability-Direct (Broad) Endorsement**

In consideration of the premium charged, and on the understanding this endorsement leaves all other terms, conditions, and exclusions unchanged, it is agreed:

**We** will have no obligation to pay any sums under this policy, including any **damages**, **claim expenses**, or other **covered amounts**, for any **claim**, **breach**, **event**, or **occurrence**:

A.  Under any liability coverage, for injury, sickness, disease, death, or destruction:

   1.  for which **you** are also insured under a nuclear energy liability policy issued by the Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, or Nuclear Insurance Association of Canada, or would be insured under any such policy but for exhaustion of its limit of liability; or

   2.  resulting from the **hazardous properties** of **nuclear material** and with respect to which:

      a.  any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, as amended; or

      b.  **you** are, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

B.  Under any Medical Payments coverage, or under any Supplementary Payments provision relating to immediate medical or surgical relief, for expenses incurred with respect to bodily injury, sickness, disease, or death resulting from the **hazardous properties** of **nuclear material** and arising out of the operation of a **nuclear facility** by any person or organization.

C.  Under any liability coverage, for injury, sickness, disease, death, or destruction resulting from the **hazardous properties** of **nuclear material**, if:

   1.  the **nuclear material** is at any **nuclear facility** owned or operated by **you** or on **your** behalf, or has been discharged or dispersed from such a facility;

   2.  the **nuclear material** is contained in **spent fuel** or **waste** which is or was at any time possessed, handled, used, processed, stored, transported, or disposed of by **you** or on **your** behalf; or

   3.  the injury, sickness, disease, death, or destruction arises out of the furnishing by **you** of services, materials, parts, or equipment in connection with the planning, construction, maintenance, operation, or use of any **nuclear facility**, but if such facility is located within the United States of America, its territories or possessions, or Canada, this exclusion (3) applies only to injury to or destruction of property at such **nuclear facility**.

As used in this endorsement:

**Hazardous properties** includes radioactive, toxic, or explosive properties;

**Nuclear material** means **source material**, **special nuclear material**, or **byproduct material**;

**Nuclear reactor** means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

**Source material**, **special nuclear material**, and **byproduct material** have the meanings given them in the Atomic Energy Act of 1954, as amended;

**Spent fuel** means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a **nuclear reactor**;

**Waste** means any waste material:

EXHIBIT D



Administered by Hiscox Inc.
520 Madison Avenue 32nd Floor, New York, NY 10022
(646) 452-2353

---

## Endorsement 4

NAMED INSURED: Betty J. Clow and Franklin Andrew Clow, Sr.

1.   containing **byproduct material**; and

2.   resulting from the operation by any person or organization of any **nuclear facility** included in paragraph 1 or 2 of the definition of **nuclear facility**;

**Nuclear facility** means:

1.   any any **nuclear reactor**;

2.   any any equipment or device designed or used for:

   a.   separating the isotopes of uranium or plutonium;

   b.   processing or utilizing **spent fuel**; or

   c.   handling, processing, or packaging **waste**;

3.   any equipment or device used for the processing, fabricating, or alloying of **special nuclear material**, if at any time the total amount of such material in **your** custody at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235; or

4.   any structure, basin, excavation, premises, or place prepared or used for the storage or disposal of **waste**.

**Nuclear facility** includes the site on which any of the foregoing is located, all operations conducted on such site, and all premises used for such operations;

With respect to injury to or destruction of property, "injury" or "destruction" includes all forms of radioactive contamination of property.

| | | | |
|---|---|---|---|
| Endorsement effective: | 12/08/2017 | Certificate No.: | MPL1863603.17 |
| Endorsement No: | 4 | Processed Date: | 11/06/2017 |

Hiscox Inc.

*Brett R. Sadoff*

Authorized Representative
Brett Sadoff

EXHIBIT D



Administered by Hiscox Inc.
520 Madison Avenue 32nd Floor, New York, NY 10022
(646) 452-2353

---

**Endorsement 5**

NAMED INSURED: Betty J. Clow and Franklin Andrew Clow, Sr.

**E6018.2 Applicable Law Endorsement**

In consideration of the premium charged, and on the understanding this endorsement leaves all other terms, conditions, and exclusions unchanged, it is agreed:

This policy is subject to the applicable state law to be determined by the court of competent jurisdiction as determined by the provisions of the Service of Suit Endorsement to this policy.

| | | | |
|---|---|---|---|
| Endorsement effective: | 12/08/2017 | Certificate No.: | MPL1863603.17 |
| Endorsement No: | 5 | Processed Date: | 11/06/2017 |
| Hiscox Inc. | | | |

Authorized Representative
Brett Sadoff

EXHIBIT D



# ECONOMIC AND TRADE SANCTIONS POLICYHOLDER NOTICE

Hiscox is committed to complying with trade and economic sanctions. To that end:

I.  No (re)insurer shall be deemed to provide cover and no (re)insurer shall be liable to pay any claim or provide any benefit hereunder to the extent that the provision of such cover, payment of such claim or provision of such benefit would expose that (re)insurer to any sanction, prohibition or restriction under United Nations resolutions or the trade or economic sanctions, laws or regulations of the European Union, Australia, United Kingdom or United States of America.

II. The U.S. Department of Treasury Office of Foreign Assets Control
    (OFAC) administers and enforces economic sanctions policy based on Presidential declarations of national emergency.  OFAC has identified and listed numerous foreign agents, front organizations, terrorists, and narcotics traffickers as Specially Designated Nationals (SDN's) and Blocked Persons.  OFAC has also identified Sanctioned Countries.  A list of Specially Designated Nationals, Blocked Persons and Sanctioned Countries may be found on the United States Treasury's web site
    http://www.treas.gov/offices/enforcement/ofac/.

Economic sanctions prohibit all United States citizens (including corporations and other entities) and permanent resident aliens from engaging in transactions with Specially Designated Nationals, Blocked Persons and Sanctioned Countries.  Hiscox may not accept premium from or issue a policy to insure property of or make a claim payment to a Specially Designated National or Blocked Person.  Hiscox may not engage in business transactions with a Sanctioned Country.

A Specially Designated National or Blocked Person is any person who is determined as such by the Secretary of Treasury.

A Sanctioned Country is any country that is the subject of trade or economic embargoes imposed by the laws or regulations of the United States.

In accordance with laws and regulations of the United States concerning economic and trade embargoes, this policy may be rendered void from its inception with respect to any term or condition of this policy that violates any laws or regulations of the United States concerning economic and trade embargoes including, but not limited to the following:

(1)  Any insured under this Policy, or any person or entity claiming the benefits of such insured, who is or becomes a Specially Designated National or Blocked Person or who is otherwise subject to US economic trade sanctions;

(2)  Any claim or suit that is brought in a Sanctioned Country or by a Sanctioned Country government, where any action in connection with such claim or suit is prohibited by US economic or trade sanctions;

(3)  Any claim or suit that is brought by any Specially Designated National or Blocked Person or any person or entity who is otherwise subject to US economic or trade sanctions;

(4)  Property that is located in a Sanctioned Country or that is owned by, rented to or in the care, custody or control of a Sanctioned Country government, where any activities related to such property are prohibited by US economic or trade sanctions; or

(5)  Property that is owned by, rented to or in the care, custody or control of a Specially Designated National or Blocked Person, or any person or entity who is otherwise subject to US economic or trade sanctions.



**ECONOMIC AND TRADE SANCTIONS POLICYHOLDER NOTICE**

Please read your Policy carefully and discuss with your broker/agent or insurance professional.  You may also visit the US Treasury's website at http://www.treas.gov/offices/enforcement/ofac/.

**Hiscox Inc.**
INT N098 CW (03/16)

EXHIBIT D



**Policyholder Notice
Complaints or Comments**

Any complaints or comments may be sent:

- By Mail to:

  Legal Department
  Hiscox USA
  520 Madison Avenue, 32nd Floor
  New York, NY 10022; or

- By Email to:

  us_helpdesk_rfl@hiscox.com

PNT N008 CW (03/16)

EXHIBIT D



**CONFORMITY NOTICE**

(This does not amend, extend, or alter the coverages or any other provisions contained in your policy)

Whenever the symbol "$" is used in this policy, it shall mean United States Dollars (USD).

EXHIBIT D