```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION
```

| | |
|---|---|
| **LLOYD'S SYNDICATE 3624 (HISCOX),** | |
| Plaintiff, | |
| v. | |
| **BETTY J. CLOW,** not Individually but as Co-Trustee of the Julianne E. Clow-Baltz Declaration of Trust; **FRANKLIN ANDREW CLOW, SR.,** not individually but as Co-Trustee of the Julianne E. Clow-Baltz Declaration of Trust; **NICK STANITZ; OAK HILL DEVELOPMENT, LLC;** and **CLOW FAMILY FOUNDATION,** | Case No. 19 C 6405 <br><br> Judge Harry D. Leinenweber |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

This is an insurance coverage dispute between the Plaintiff Lloyd's Syndicate 3624 ("Hiscox") and Betty Clow and Franklin Andrew Clow, Sr, as Co-Trustees of the Julianne E. Clow-Baltz Declaration of Trust ("the Clows"). The suit seeks a declaration of judgment that Hiscox need not defend or indemnify the Clows in a lawsuit filed against them in state court. (Compl. ¶ 15, Dkt. No. 75.) The suit was brought by Nick Stanitz ("Stanitz") and his company, Oak Hill Development, LLC, to recover the costs of

remediation for the removal of contaminants on the property, which was sold by the Clows. The suit alleges that the Clows failed to disclose the existence of the contaminants.

Hiscox had issued a string of yearly claims-made Professional insurance policies insuring the Clows for their negligent acts. Hiscox had declined to cover the Clows in the Stanitz lawsuit due to the failure of the Clows to notify it of the suit within the time allotted in the policy. The Court has previously issued two written orders in this case, the first of which was to grant a summary judgment to Hiscox declaring no coverage and the second, to deny reconsideration.

Since the entry of the declaratory judgment, the Clow Family Foundation (the "Foundation"), a direct beneficiary of the Clow Trust, sought and was granted leave to intervene in the Stanitz lawsuit to file Cross Claims against the Clows and Stanitz. The Cross Claim, with respect to the Clows, alleges breach of fiduciary duty and fraud, based on their conduct in negotiating the sale of the trust property to Stanitz; specifically, that the Clows wrongfully negotiated a reduction in the purchase price of the real estate sold to Stanitz without notification to or the permission of the Foundation.

The Clows have tendered the defense of this Cross Claim to Hiscox. As a result, Hiscox sought and was granted leave in this

suit to file an Amended Complaint naming the Foundation as an additional Defendant, to seek a declaration of no coverage. (*Id.*) The parties have filed Cross-Motions for Judgment on the Pleadings, the Clows seeking a declaration of coverage and Hiscox seeking a declaration of no coverage. (Dkt. Nos. 83, 85.) The issue raised by these Motions is whether the Foundation's claim against the Clows is a "related claim" as defined by the applicable insurance policy. If so, there is no coverage because the Foundation's claim is considered related to the Stanitz claim. If not, there may be coverage, because the notification would be timely.

## II. THE POLICY PROVISION

The provision in question reads as follows:

> 55. Section II. Limits of liability of the Hiscox Policies, provides in relevant part: Regardless of the number of Coverage Parts you have purchased, the maximum we will pay for all covered amounts will be as follows:
>
> . . .
>
> F. Related claims    All related claims, regardless of when made, will be treated as one claim, and all subsequent related claims will be deemed to have been made against you on the date the first such claim was made. If, by operation of this provision, the claim is deemed to have been made during any period when we insured you, it will be subject to only one retention and one Each Claim Limit regardless of the number of claimants, insureds, or claims involved.

### III. LEGAL STANDARD

"Judgment on the pleadings is appropriate when there are no disputed issues of material fact and it is clear that the moving party, in this case Local 1, is entitled to judgment as a matter of law." *Unite Here Loc. 1 v. Hyatt Corp.*, 862 F.3d 588, 595 (7th Cir. 2017). The Court will apply this standard to each party's motion for judgment on the pleadings. *See Med. Protective Co. of Fort Wayne, Indiana v. Am. Int'l Specialty Lines Ins. Co.*, 911 F.3d 438, 445 (7th Cir. 2018).

### IV. DISCUSSSION

The Clows contend that they are entitled to separate coverage for the claim against them made by the Foundation. According to the Clows, the core allegation against them in the Foundation's Third-Party Complaint is that the co-trustees negotiated the original sales agreement between the Trust and Stanitz for the sale of the Naperville Farm, which is the subject of the original lawsuit, and negotiated a $400,000.00 price reduction without the Foundation's approval or knowledge. Therefore, in the Stanitz suit it seeks to recover the $400,000.00 from Stanitz and/or the Clows. On the other hand, Stanitz's claim against the Clows is based on the Clows' alleged failure to disclose the presence of contaminants in the property sold. The Clows also argue that the insurance provision is

ambiguous and that insurance policies are to be liberally construed in favor of the insured.

Hiscox takes the position that the claims are related because they are "based upon, arise out of, or allege . . . [a] common fact, circumstance, situation, event service, transaction, cause, or origin." Here the common fact (circumstance, situation, event, service, transaction, cause, or origin is the contractual sale of the real estate by the Trust to Stanitz. End of story.

The Court agrees with Hiscox that the claims are related under the unambiguous terms of the Hiscox policy. The Stanitz lawsuit seeks in effect, to reduce the purchase price of the real estate by forcing the Trust to accept less money for the real estate due to the costs of remediation. The Foundation's Complaint seeks to make Stanitz pay more money for the property or require the Clow's to make up the difference. To bring this into focus, let us suppose that the state case goes to trial with Stanitz seeking money from the Trust because he claims to have incurred substantial remediation costs. Stanitz wins and is awarded his remediation costs. The third-party claim in the state case goes to trial and the Foundation wins and is awarded monetary relief against Stanitz and/or against the Clows. There are two claims against the Clows, one from Stanitz and one from the Foundation. Stanitz has one claim against the Clows and one against him brought by the Foundation.

Stanitz gets his remediation costs from the Clows, possibly less the $400,000.00 unauthorized price reduction. The Clows pay the remediation costs to Stanitz plus the $400,000.00 to the Foundation. All of these claims come from a single transaction: the negotiation and entry into the Sales Agreement between the Trust and Stanitz. *See Twin City Fire Ins. Co. v. Permatron Corp.*, 2018 WL 1565599 at *5—*6(N.D. Ill., March 20, 2018). If the Foundation wins, it either gets the additional purchase price from Stanitz or the Clows. No matter how you view it the suit is about the real estate transaction that closed at a price that did not include remediation costs or restoration of the so-called price reduction that was not approved by the Foundation. Thus, it is obvious that all these claims rise from a single transaction, *i.e.,* the sale of the Trust's farm to Stanitz. Therefore, the claims of the Foundation and Stanitz are clearly related under the terms of the Hiscox policy and constitute a single claim and are therefore subject to the Court's previous decision holding that the claims are untimely.

## V. **CONCLUSION**

Accordingly, the Court finds in favor of Hiscox and against the Clows and enters Judgment on the Pleadings in favor of Hiscox on its Amended Complaint and against the Clows on their Complaint.

Hiscox has no duty to defend or indemnify the Clows based on Hiscox's Amended Complaint.

**IT IS SO ORDERED.**

                                              Harry D. Leinenweber, Judge
                                              United States District Court

Dated: 3/20/2023